**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Millennium Laboratories, Inc., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Rocky Mountain Tox, L.L.C., a Colorado limited liability company, et al.,<br><br>    Defendants. | No. CV-10-02581-PHX-NVW<br><br>**ORDER** |

Before the Court is "Defendants Rocky Mountain Tox, L.L.C. and Slater Laboratories, Inc. d/b/a Forensic Laboratories' Motion to Dismiss and Alternatively Motion to Stay Litigation." (Doc. 14.) The Court will grant the motion by transferring this case to the District of Colorado.

Plaintiff Millennium Laboratories provides clinical testing and urine drug screening to doctors throughout the United States. Defendants (who prefer to be known by their business name, "Forensic") are competitors in the same business. Plaintiff Millennium alleges that it developed a uniquely convenient form for doctors to fill out when ordering a urine test or the like. Millennium further alleges that Defendant Forensic pirated that form, changing nothing except the references to Millennium. Millennium filed suit in Maricopa County Superior Court on November 4, 2010, alleging trade dress infringement under the

1  Lanham Act, as well as state-law claims for unfair competition, tortious interference with
2  business relations, and civil conspiracy.  Forensic removed to this Court on November 30,
3  2010.

4          Millennium filed a very similar suit against Forensic in Colorado state court on
5  October 20, 2010, which Forensic removed to the District of Colorado on November 8, 2010.
6  *See Millennium Labs., Inc. v. Rocky Mountain Tox, LLC et al.*, No. 1:10-cv-02734-MSK (D.
7  Colo.).  Drawing on the same alleged facts described above, the Colorado suit claims trade
8  dress infringement under the Lanham Act, copyright infringement, various Colorado
9  statutory causes of action, as well as Colorado's equivalents of unfair competition, tortious
10 interference with business relations, and civil conspiracy.  Discovery has begun in the
11 Colorado case (including depositions in Colorado) and the parties are apparently working
12 toward a preliminary injunction hearing.

13         Forensic has moved to either dismiss this case on comity grounds, transfer it, or stay
14 it in favor of the Colorado litigation.  This Court may transfer a case "[f]or the convenience
15 of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  "Under
16 § 1404(a), the district court has discretion to adjudicate motions for transfer according to an
17 individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC*
18 *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted).
19 Factors this Court may consider include: the state that is most familiar with the governing
20 law; the plaintiff's choice of forum; the respective parties' contacts with the forum; the
21 contacts relating to the plaintiff's cause of action in the chosen forum; the differences in the
22 costs of litigation in the two forums; the availability of compulsory process to compel
23 attendance of unwilling non-party witnesses; the ease of access to sources of proof; and the
24 relevant public policy of the forum state, if any.  *Id*. at 498–99.

25         Concerning the first of these considerations, Arizona is the state most familiar with
26 Arizona state-law claims, and Millennium argues that transfer is inappropriate because the
27 Arizona state-law causes of action differ from their Colorado equivalents.  But Millennium
28 offers no further explanation.  Forensic, by contract, submits authority showing that unfair

1 competition, tortious interference with business relations, and civil conspiracy in Arizona are
2 effectively the same in Colorado. The Court therefore sees no particular difficulty for a
3 Colorado court to apply Arizona law. In addition, the Court is not aware of any reason why
4 the District of Colorado cannot adjudicate the Arizona state-law claims under its
5 supplemental jurisdiction. *See* 28 U.S.C. § 1367.

6 The plaintiff's choice of forum is an important consideration, but somewhat mitigated
7 here because Millennium has already chosen both Colorado and Arizona as the forum for
8 nearly identical claims. Thus, the Court sees no reason to give any particular weight to
9 Millennium's choice to sue in Arizona.

10 The respective parties' contacts with the forum appears to be a wash. Both parties do
11 business here, but neither party is incorporated or headquartered here.

12 The contacts relating to the plaintiff's cause of action in the chosen forum similarly
13 appear to create a wash. The contacts in Arizona, as alleged, are not substantially different
14 from contacts nationwide.

15 The difference in the costs of litigation in the two forums again appears to be a wash.
16 The Court has not been informed, nor is it independently aware, of any substantial cost
17 difference between Arizona and Colorado litigation, either generally or in the context of this
18 case. As noted above, both parties are "from out of town."

19 Concerning the availability of compulsory process to compel attendance of unwilling
20 non-party witnesses and the ease of access to sources of proof, the Court notes Millennium's
21 claim that "witnesses related to Forensic's activities in Arizona will be located in Arizona."
22 (Doc. 19 at 6.) However, Millennium does not elaborate, and so far, all witnesses of which
23 either party has made this Court specifically aware are located outside Arizona. In any event,
24 proceedings in the District of Colorado would not make access to Arizona witnesses or
25 documents any less viable. Federal courts have nationwide subpoena power for discovery
26 purposes, and any testimony from an Arizona witness necessary to a trial in Colorado could
27 be preserved through deposition (assuming the witness would not agree to come the Colorado
28 for the trial).

1 Finally, regarding the relevant public policy of the forum state, the Court sees no
2 Arizona public policy that could not be enforced equally well in Colorado.

3 Considerations of party economy and judicial economy weigh strongly in favor of
4 transferring this case to the District of Colorado. This case is duplicative of the Colorado
5 case. "[W]hen cases involving the same parties and issues have been filed in two different
6 districts, the second district court" — this Court — "has discretion to transfer, stay, or
7 dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai*
8 *Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The Court recognizes that this is not
9 a typical "first-to-file" situation. It is not, for instance, a patent infringement case in one
10 forum vs. a declaratory judgment action for non-infringement in another forum. Nonetheless,
11 Forensic's alleged conduct, although affecting multiple jurisdictions, led to substantially the
12 same alleged injury in both Colorado and Arizona. The conduct in both jurisdictions is
13 identical. The same principles of federal law govern all the conduct in both jurisdictions.
14 The governing principles of state law are either identical or well within the competence of
15 one court to ascertain and adjudicate. Millennium has offered no good reason why the same
16 alleged facts should be adjudicated through two lawsuits seeking effectively the same relief.
17 Accordingly, "the convenience of parties and witnesses" and "the interest of justice" weigh
18 in favor of transferring this case to Colorado. 28 U.S.C. § 1404(a).[1]

19 IT IS THEREFORE ORDERED that "Defendants Rocky Mountain Tox, L.L.C. and
20 Slater Laboratories, Inc. d/b/a Forensic Laboratories' Motion to Dismiss and Alternatively
21 Motion to Stay Litigation" (Doc. 14) is GRANTED.

---

[1] Forensic asks this Court to go further and consolidate this action with the related action in Colorado. This Court has no power to consolidate cases outside the District of Arizona. Once transfer is complete, however, District of Colorado local rules require informing Judge Krieger and the transferee judge of the related case, which could result in consolidation. *See* D.C.Colo.LCivR 7.5.

- 4 -

1   IT IS FURTHER ORDERED that the Clerk transfer this case to the District of
2  Colorado.
3   DATED this 31st day of January, 2011.

           Neil V. Wake
           United States District Judge